# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL ISAAC HERNANDEZ FLORES,<br><br>                           Petitioner,<br>v.<br>CHRISTOPHER J. LAROSE, et al.,<br>                          Respondents. | Case No.: 3:25-cv-03023-RBM-DDL<br><br>**ORDER:**<br><br>**(1) REQUIRING A RESPONSE TO THE PETITION FOR WRIT OF HABEAS CORPUS; AND**<br><br>**(2) SETTING THE BRIEFING SCHEDULE;** |

On November 6, 2025, Petitioner Saul Isaac Hernandez Flores ("Petitioner") filed a Verified Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner claims his continued detention by the U.S. Department of Homeland Security ("DHS") is governed by 8 U.S.C. § 1226(a), as opposed to 8 U.S.C. § 1225, which in the absence of a bond hearing and decision on the merits violates: (1) the Immigration and Nationality Act ("INA"); (2) the Administrative Procedure Act; and (3) the Fifth Amendment's Due Process Clause. (*Id*. ¶¶ 28–39.)[1] Petitioner therefore "seeks an order compelling the immigration judge to accept jurisdiction to conduct a custody

---

[1] The Court cites the CM/ECF pagination unless otherwise noted.

redetermination hearing and afford him a bond decision on the merits." (*Id.* ¶ 1.)

Having reviewed the Petition, the Court concludes that summary dismissal is unwarranted at this time. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.") (citing *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990)). Accordingly, the Court **ORDERS** as follows:

1. Respondents are hereby **ORDERED TO SHOW CAUSE** as to why the Petition should not be granted by filing a written Response on or before **Friday, November 14, 2025, at 4:30 p.m.** The response shall: (1) include all documents or evidence relevant to the determination of the issues raised in the Petition; and (2) make a recommendation regarding the need for an evidentiary hearing on the Petition.

2. Petitioner may file a Reply on or before **Wednesday November 19, 2025, at 4:30 p.m.** The matter will be deemed under submission at that time and the Parties shall await further orders from the Court.

3. To preserve the Court's jurisdiction pending a ruling in this matter, and to maintain the status quo, Petitioner **SHALL NOT** be transferred outside of the Southern District of California pending the Court's resolution of the Petition. *See Doe v. Bondi*, Case No.: 25-cv-805-BJC-JLB, 2025 WL 1870979 at *2 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether it has subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (citing cases).

4. The Clerk of the Court is **DIRECTED TO TRANSMIT** a copy of the Petition (Doc. 1) and this Order to the United States Attorneys' Office.

**IT IS SO ORDERED**.

DATE: November 10, 2025

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE